IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DAVID MONTOYA**,

      Plaintiff,

vs.                                                        **Civil No. 10-265 WJ/ACT**

**CINDY PADILLA; NANCY
SCHUMWAY; VERONICA MARTINEZ,**

      Defendants.

### MEMORANDUM OPINION AND ORDER DISMISSING CASE

**THIS MATTER** comes *sua sponte* before the Court on Plaintiff David Montoya's *Motion to Proceed In Forma Pauperis* ("IFP"), filed March 23, 2010 [Docs. 2, 6], and on the Court's concomitant obligation to "screen [his] case under 28 U.S.C. §§ 1915(a) and (e)," *Lister v. Dep't Of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). The Court must dismiss the action "at any time if the court determines that" the plaintiff is, in fact, able to pay the filing fees and his "allegation of poverty is untrue," § 1915(e)(2)(A), or if the complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii). *See Trujillo v. Williams*, 465 F.3d 1210, 1217 n.5 (10th Cir. 2006) (noting that dismissals under § 1915(e)(2)(A) & (B) are mandatory).

A party applying to proceed IFP must show that he "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself . . . with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The Tenth Circuit Court of Appeals has set forth the following standards that district courts should apply in resolving a motion to dismiss brought under rule 12(b)(6) of the Federal Rules of Civil Procedure in a § 1983 cause of action.

> *Bell Atlantic Corp. v. Twombly* [] reject[ed] the "no set of facts" language of *Conley* [ *v. Gibson*, 355 U.S. 41, 45-46 (1957),] and announc[ed] a new (or clarified)

standard: to withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." --- U.S. ----, ----, 127 S. Ct. 1955, 1974, 167 L. Ed.2d 929 (2007). Under this revised standard, as we explained in *Ridge at Red Hawk, L.L.C. v. Schneider*:

> the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.

493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). The burden is on the plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Twombly*, 127 S. Ct. at 1965. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (applying *Bell Atlantic Corp. v. Twombly* in a case brought under § 1983). The Tenth Circuit emphasized that

> 'plausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible. The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

*Id.* (internal quotation marks, citation, and footnote omitted).

This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them. "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." [*Bell Atlantic v. Twombly*, 127 S. Ct.] at 1965 n. 3. *See Airborne Beepers & Video, Inc. v. AT & T Mobility L.L.C.*, 499 F.3d 663, 667 (7th Cir. 2007) ("[A]t some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8."). The *Twombly* Court was particularly critical of complaints that "mentioned no specific time, place, or person involved in the alleged conspiracies." 127 S. Ct. at 1971 n. 10. Given such a complaint, "a defendant seeking to respond to plaintiffs' conclusory allegations . . . would have little idea where to begin." *Id.*

The Third Circuit has noted, and we agree, that the degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include

>sufficient factual allegations, depends on context: "Context matters in notice pleading. Fair notice under Rule 8(a)(2) depends on the type of case. . . ." *Phillips*, 515 F.3d at 231-32. A simple negligence action based on an automobile accident may require little more than the allegation that the defendant negligently struck the plaintiff with his car while crossing a particular highway on a specified date and time.
>
>\* \* \* \*
>
>[C]omplaints in § 1983 cases against individual government actors pose a greater likelihood of failures in notice and plausibility because they typically include complex claims against multiple defendants. The *Twombly* standard may have greater bite in such contexts, appropriately reflecting the special interest in resolving the affirmative defense of qualified immunity "at the earliest possible stage of a litigation." *Anderson*, 483 U.S. at 646 n. 6, 107 S.Ct. 3034; *Harlow*, 457 U.S. at 818, 102 S.Ct. 2727. Without allegations sufficient to make clear the "grounds" on which the plaintiff is entitled to relief, *Twombly*, 127 S.Ct. at 1965 n. 3, it would be impossible for the court to perform its function of determining, at an early stage in the litigation, whether the asserted claim is clearly established.

*Robbins*, 519 F.3d at 1248-49. Thus, in cases (as here) in which government actors are also sued in their individual capacities and the plaintiff alleges violation of his constitutional rights, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her . . . ." *Id.* at 1250 (emphasis in original); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated").

The Court applies this same standard in its review under § 1915(e)(2) to determine whether Montoya has stated a cognizable claim. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The Court will accept as true Montoya's allegations and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to Montoya. *See id.* But the Court "will not supply additional facts, [or] construct a legal theory for [a] plaintiff that assumes facts that

have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

**I.      MONTOYA HAS NOT SHOWN THAT HE IS UNABLE TO PAY FEES.**

Montoya's financial affidavit shows that he is 56 years old but has not worked in 38 years; that he has no dependents or a car; that he receives $674/month in SSI benefits; that he pays $150/month for rent and has no utility expenses, and that he spends $200/month for food and $50/month for clothing, for a total amount of $400/month for necessities. *See* Doc. 6 at 1-4. Montoya's Complaint is replete with references to Nancy Lewis, a frequent frivolous filer in this Court who has repeatedly filed motions to proceed IFP that do not demonstrate an inability to pay filing fees. *See Lewis v. Lewis*, No. 09cv1063 ACT/DJS, Doc. 5 at 7-9 (D.N.M. Jan. 15, 2010) (setting out the nineteen cases that Lewis had filed in the past year and finding that "Lewis has engaged in frivolous and abusive litigation tactics and that she has been previously warned not to file frivolous suits and has been instructed that she must pay filing fees, based on her income, expenses, and savings. If Lewis makes any further frivolous filings or continues her attempts to proceed IFP with no good-faith basis for doing so, the Court will consider imposing monetary sanctions and/or filing restrictions."). Lewis holds herself out as an "Associate, Advocacy Unlimited," *Lopez v. Santa Fe Police Dep't.*, No. 09cv1214 JCH/LFG Doc. 4 at 9 (filed Jan. 12, 2010), and has been admonished for ghostwriting a frivolous complaint in another case for a different plaintiff and for improperly filing a brief in that case. *See Lopez v. Santa Fe Police Dep't.*, No. 09cv1214 JCH/LFG Doc. 6 (D.N.M. Jan. 25, 2010) (striking brief signed and filed by Lewis as engaging in the unauthorized practice of law and warning Lewis "that future abusive practice will result in the Court's issuance of an order to show cause why she should not be held in contempt of this Court"); *Lewis v. Lewis*, No. 09cv1063 ACT/DJS, Doc. 9 at 4 (filed Jan. 20, 2010) (Lewis's

response stating that "Judge Torgerson's admonition about ghostwriting [Lopez's Complaint] is well taken; yet ghostwriting is not what I do. . . . I report exactly what a victim tells me . . . .").

Montoya gives Lewis's phone number as his phone number, *compare Lewis v. Alternative Dining*, No. 09cv01065 KBM/DJS Doc. 8 at 9 (filed Jan. 5, 2010) (listing Lewis's phone number as 505-927-3740) *with* Doc. 6 at 1 in this case (listing Montoya's phone number as 505-927-3740), and based on a comparison of the handwriting in the two documents cited, it is clear that Lewis prepared Montoya's IFP affidavit. *Compare id.* As has sometimes been her practice in other cases, Lewis set forth a monthly amount for Montoya's food expenses without showing that Montoya also receives food stamps[1] to pay for these expenses. *See Lewis v. Lewis*, No 09cv1063 ACT/DJS Doc. 5 at 2 (concluding that "Lewis's income is much greater than she reveals in her financial affidavit filed in this case, and her income appears to be over $1400/month plus food stamps and assistance with medicare premiums").

Based on Montoya's income and expenses for necessities, the Court concludes that he has failed to show that he is indigent and unable to pay both for filing fees and for the necessities of life. The Court will, therefore dismiss his Complaint. *See Adkins*, 335 U.S. at 339; *Trujillo*, 465 F.3d at 1217 n.5.

## II.     MONTOYA'S COMPLAINT FAILS TO STATE A CLAIM

Montoya's Complaint also must be dismissed because it fails to state a claim. Montoya brings suit under 42 U.S.C. § 1983. A review of his Complaint reveals that he does not give dates for the allegedly unconstitutional actions of the various Defendants, who apparently are "state

---

[1] Montoya's Complaint states that his former landlord would take "his food stamps for his own use," as well as the "free food Lewis and Plaintiff got." Complaint at 1.

5

employees," Complaint at 3, nor does he state any facts indicating what any of the three Defendants have done that allegedly violated his constitutional rights.

Montoya states that his former landlord abused him in 2008 and Lewis reported it to Adult Protective Services, but when the unnamed employee from the Espanola Office of Aging and Longterm Services investigated the alleged incident, Montoya told her that Lewis's report was not true because he was afraid of his landlord. *See* Complaint at 2. Lewis took Montoya to a doctor's appointment, and he told the doctor about the alleged abuse and she allegedly reported it to unnamed "social workers." Complaint at 3. Montoya moved from the place he was living to Pojoaque, but did not tell Lewis where he went. *See id.* at 2. Lewis then reported to unnamed social workers that Montoya was supposed to go to additional doctor appointments, and when an unnamed social worker later went to Montoya's new home to check on him, she allegedly took the old landlord with her, and Montoya again did not tell the social worker about the landlord's alleged past abuse. *See id.* Lewis apparently was informed about where Montoya lived, and she took him to see his doctor, who told him that he'd had high blood pressure since the previous year when she saw him. *See id.* But Montoya does not know whether he has been harmed by not having taken medication for high blood pressure during the previous year. *See id.* at 3. Montoya states that he had to pull two of his teeth himself because he had not gone to the dentist the previous year. *See id.* Montoya states that in August of 2009, he finally told a named social worker, who is not a named Defendant, about his landlord's past abuse. *See id.*

These allegations do not state a claim for violation of Montoya's constitutional rights by any of the Defendants because the "allegations [are not] sufficient to make clear the grounds on which the plaintiff is entitled to relief." *Robbins*, 519 F.3d at 1249 (internal quotation marks omitted).

Montoya's Complaint simply does not "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her . . . ." *Id.* at 1250.

**IT IS ORDERED** that Montoya's Complaint is DISMISSED without prejudice[2] under § 1915(e)(2).

_____
UNITED STATES DISTRICT JUDGE

---

[2] If Montoya desires to pursue an appeal from this Order, he should seek legal advice from licensed attorneys instead of from Nancy Lewis, who has been warned that she will be held in contempt of court if she continues to engage in the unauthorized practice of law by giving legal advice and ghost-writing filings. There are several free or low-cost sources available to Montoya. Lewis states that she has been "helping a friend, who is severely disabled, and who has been unable to get any of the services that he deserves in this State for 35 years" – apparently Montoya – by "pursuing her various lawsuits to benefit herself and others." *Lewis v. Lewis*, No. 09cv1063 Doc. 9 at 6 (filed Jan. 20, 2010). It does not "help" others, however, to file frivolous lawsuits, like the one in this case, on their behalf. Pursuing a frivolous appeal may result in the issuance of monetary sanctions and/or filing restrictions.